# IN THE UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MICHAEL FAVATA, ET AL,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, LP.,** | § | |
| **aka/fka BRANDT NOV** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S ANSWER TO PLAINTIFFS'
## FIRST AMENDED ORIGINAL COMPLAINT

Defendant National Oilwell Varco, LP., aka/fka Brandt NOV ("N.O.V.") files this Answer to Plaintiffs' First Amended Original Complaint and state as follows:

1.      N.O.V. is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 and therefore denies the allegations.

2.      N.O.V. admits that it is a business entity.  N.O.V. also admits that it has conducted business in Nueces County, Texas.  N.O.V. further admits that CT CORPORATION SYSTEM is N.O.V.'s registered agent for the State of Texas.  N.O.V. denies the remaining allegations contained in Paragraph 2.

3.       N.O.V. admits that venue is proper in Nueces County, Texas.  N.O.V. also admits that it has conducted business in Nueces County, Texas.   N.O.V. denies the remaining allegations contained in Paragraph 3.

4.      N.O.V. admits the allegations contained in Paragraph 4.

5.      N.O.V. denies the allegations contained in Paragraph 5.

6.      N.O.V. denies the allegations contained in Paragraph 6.

7.      N.O.V. denies the allegations contained in Paragraph 7.

8.      N.O.V. is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 and therefore denies the allegations.

9.      N.O.V. denies the allegations contained in Paragraph 9.

10.     N.O.V. denies the allegations contained in Paragraph 10.

11.     N.O.V. denies the allegations contained in Paragraph 11.

12.     N.O.V. denies the allegations contained in Paragraph 12.

13.     N.O.V. denies the allegations contained in Paragraph 13.

14.     N.O.V.  admits that Mallett was employed as a Close Loop Operator and as a Closed Loop Field Service Supervisor.  N.O.V. denies the remaining allegations contained in Paragraph 14.

15.     N.O.V. denies the allegations contained in Paragraph 15.

16.     N.O.V. denies the allegations contained in Paragraph 16.

17.     This Paragraph is numbered as "15" in Plaintiffs' First Amended Original Complaint.  But this Paragraph is the seventeenth paragraph in Plaintiffs' First Amended Original Complaint.  NOV thus addresses the allegations in this Paragraph as though it were numbered in proper sequence.  Paragraph 17 states a conclusion of law to which no response is required.

## AFFIRMATIVE DEFENSES

Without conceding that the following are in fact affirmative defenses or that N.O.V. has the burden of proof on the following, N.O.V. pleads as follows:

1.      On September 29, 2011, the United States Department of Labor ("DOL") commenced a supervised investigation, Case ID 1619386, ("Investigation") to evaluate N.O.V.'s

compliance with the Fair Labor Standards Act ("FLSA"). The Investigation concerned alleged violations of Section 7 of the FLSA regarding certain N.O.V. employees working for N.O.V. from September 30, 2009 through September 29, 2011.

2.      At all relevant times during the Investigation, N.O.V. has cooperated with and has been supervised by the DOL and its Wage & Hour Investigator Robert A. Piepho.

3.      At the conclusion of the Investigation, the DOL determined that N.O.V. owed a unpaid wages to Plaintiffs Jack Akin, Michael Favata, Jerry Jurach, and Michael Mallet ("Investigation Plaintiffs"). The DOL's findings with respect to the Investigation Plaintiffs were memorialized in Form WH-56.

4.      Pursuant to Form WH-56, N.O.V. paid the Investigation Plaintiffs their respective payments due as a result of the Investigation, net applicable taxes. The Investigation Plaintiffs received and deposited these DOL supervised payments as follows:

| PLAINTIFF | AMOUNT | DATE OF DEPOSIT |
|---|---|---|
| Jack Akin | $287.29 | January 24, 2012 |
| Michael Favata | $242.19 | January 18, 2012 |
| Jerry Jurach | $1,262.25 | January 24, 2012 |
| Michael Mallet | $496.23 | January 19, 2012 |

5.      Section 216(c) of the FLSA states, in relevant part, that "[t]he Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, *and the agreement of any employee to accept such payment shall upon payment in full*

***constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages***. *See* 29 U.S.C. 216(c) (emphasis added).

6.      Thus, by accepting and depositing the aforementioned payments, the Investigation Plaintiffs have waived and are estopped from asserting any right they may have had to seek unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

7.      Since the Investigation Plaintiffs received full payment as a result of the DOL's supervised Investigation, N.O.V. believes that the Investigation Plaintiffs' claims are groundless and frivolous, and have been brought in bad faith.  Accordingly, N.O.V. seeks its reasonable attorneys' fees and costs.

8.      Regarding Plaintiff Zack Hunter, N.O.V. paid Hunter for all of the time he recorded in his timesheets.  Accordingly, N.O.V. denies that Hunter is entitled to any relief. Furthermore, since Hunter received full payment, N.O.V. believes that Hunter's claims are groundless and frivolous, and have been brought in bad faith.  Accordingly, N.O.V. seeks its reasonable attorneys' fees and costs.

## PRAYER

WHEREFORE, N.O.V. denies that Plaintiffs are entitled to any relief.  N.O.V. respectfully requests that Plaintiffs take nothing; that N.O.V. be awarded its reasonable attorneys' fees and costs, and that N.O.V. be awarded such additional relief to which it may be entitled.

Dated:  May 18, 2012                                    Respectfully submitted,


                                                         ___ /s/ M. Carter Crow ___ _____
                                                              M. Carter Crow
                                                              State Bar No. 05156500
                                                              Federal ID  No. 15408
                                                              mcrow@fulbright.com
OF COUNSEL                                               Fulbright Tower
FULBRIGHT & JAWORKSI, L.L.P.                             1301 McKinney, Suite 5100
                                                         Houston, Texas  77010-3095
David M. Silbert                                         Telephone:  (713) 651-5151
State Bar No. 24066085                                   Telecopier:  (713) 651-5246
 No. 1041291
dsilbert@fulbright.com                                   Attorney-in-Charge for Defendant National
                                                         Oilwell Varco aka/ fka Brandt NOV




## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the foregoing was served in compliance with the

Federal Rules of Civil Procedure via electronic transmission and the Court's CM/ECF system

per Local Rule 5.1 on counsel of record in this matter.



                                                         /s/ M. Carter Crow _____
                                                         M. Carter Crow