**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAVATA,** | § | |
| **JACK AKIN,** | § | |
| **ZACK HUNTER,** | § | |
| **JERRY JURACH** | § | |
| **MICHAEL MALLETT,** and | § | |
| **JORGE ACOSTA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, LP,** | § | |
| a/k/a Brandt NOV, | § | |
| | § | |
| **Defendant.** | § | |

---

## ORDER

---

Before the Court is Plaintiffs' Motion for Reconsideration and First Supplemental Motion for Conditional Class Certification, Expedited Notice to Potential Plaintiffs, and to Toll the Statute of Limitations. (D.E. 55.)  Plaintiffs' motion for reconsideration of the Court's initial order denying class certification is DENIED.  Herein, the Court considers the issue of class certification under the second step of the *Lusardi* test.  After reviewing the discovery evidence under this more onerous standard, Plaintiffs' supplemental motion for conditional class certification and expedited notice to potential plaintiffs is GRANTED.

## PROCEDURAL BACKGROUND

On October 3, 2012, Plaintiffs Michael Favata, Jerry Jurach, Jack Akin, Zack Hunter, Michael Mallett, Jorge Acosta, and Josue Ramirez filed a Motion for Conditional Class Certification, Expedited Notice to Potential Plaintiffs and to Toll the Statute of Limitations.

(D.E. 28.)  Defendant filed a sealed response. (D.E. 32.)  The Court then entered an Order denying Plaintiffs' motion for conditional class certification and to toll the statute of limitations based on a lack of evidence of similarly situated individuals willing to opt-in to the lawsuit. (D.E. 36.)  Plaintiffs subsequently filed the present motions requesting that the Court reconsider its original order denying class certification, or in the alternative, certify the class under the second step of *Lusardi*, and toll the statute of limitations. (D.E. 55.)  Defendant filed a sealed response. (D.E. 65)  Plaintiffs filed a reply. (D.E. 71.)  Both sides provided the Court with considerable evidence gathered through discovery in favor and against class certification.

## ANALYSIS

Section 216 of the Fair Labor Standards Act (FLSA) permits a plaintiff to bring an action on behalf of himself and other similarly situated employees for violations of the Act's provisions. 29 U.S.C. § 216(b).  Where a plaintiff seeks to bring a collective action on behalf of others, the plaintiff must seek certification and request notice be approved by the district court, and the putative class members must consent in writing to becoming a part of the suit. *Id*.  The district court then has discretion whether to approve the collective action and facilitate notice to potential plaintiffs. *Simmons v. T-Mobile USA, Inc.*, Civ. A. No. 4:06-cv-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007).  "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989).

In determining whether putative class members are similarly situated and certification is appropriate, most courts apply the two-step *Lusardi* analysis detailed by the Fifth Circuit in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).  At the first stage of class

certification under *Lusardi*, the plaintiff must make a preliminary factual showing that there exists a similarly situated group of potential plaintiffs. *Badgett v. Texas Taco Cabana*, Civ. A. No. 4:05-cv-03624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006). "The second stage typically occurs when discovery is largely complete . . . ." *Aguirre v. SBC Commc'ns, Inc.*, Civ. A. No. 4:05-cv-03198, 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006). With the benefit of the additional information obtained through discovery, the district court can make a more detailed factual determination as to whether the claimants are similarly situated; and as a result, the second stage analysis is not as lenient. *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008); *Aguirre*, 2006 WL 964554, at *5. In the case at hand, with discovery nearly complete, the Court applies the more stringent second-stage analysis to Plaintiffs' motion.

In the second stage analysis, to determine whether the putative class members are similarly situated, the district court considers the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Falcon*, 580 F. Supp. 2d at 534; *see also Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1349 (S.D. Fl. 2007). " 'A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.' " *Aguirre*, 2006 WL 964554, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). "Similarly situated does not mean identically situated." *Basco v. Wal-Mart Stores, Inc.*, Civ. A. No. 00-3184, 2004 WL 1497709, at *5 (E.D. La. July 2, 2004). However, there must be some meaningful, identifiable factual or legal nexus that binds the claims together so that consolidating the cases furthers the

purposes of section 216, is fair to both parties, and does not result in an unmanageable trial. *Falcon*, 580 F. Supp. 2d at 535; *England*, 370 F. Supp. 2d at 508.

After carefully considering the evidence, the Court finds that the putative class members are similarly situated; that the action arises from an alleged common plan, scheme, or policy; that collective issues dominate over purely personal issues; that trying the cases together will likely promote judicial efficiency; and that certification of the class is fair to both parties. Accordingly, the Court concludes that conditional class certification is appropriate in the case at hand and approves notice to the potential class members.

To begin, the Court finds that there potentially exists a substantial class of similarly situated persons. (Pl. Ex. 2, D.E. 66-1.) Plaintiffs' evidence demonstrates that the putative class members all hold or held the same job title (Closed Loop Operator), performed the same job duties (installed, operated, maintained, and rigged down equipment designed to filter solid materials from drilling fluids), worked in the same geographic area (Corpus Christi Office of Texas Division), and shared the same supervisors (Trae Harrison and Shane Phillips). (Pls.' Exs. 3–9, D.E. 55-1 at 6–43.)

The central issue in this litigation is the same for each Plaintiff and putative class member: Did Defendant implement a common plan or policy to prevent workers from recording all their hours worked? Specifically, Plaintiffs and the putative class members claim that they were discouraged and/or instructed not to record more than twelve hours on their time sheets for a two-man job and sixteen hours for a one-man job; additionally, they assert that they frequently worked more than twelve or sixteen hours and were not compensated for any additional time before or after their shift that was taken up with work-related activities, such as, attending safety meetings, donning and removing safety clothes and equipment, and completing reports.

4

Defendants assert two defenses: (1) that Plaintiffs and numerous others from the putative class waived any FLSA claims they may have had against Defendant for the period from October 3, 2009 through October 1, 2011 as a result of their acceptance of settlement checks following a Department of Labor (DOL) investigation; and (2) that Defendant relied in good faith on the hours recorded by its employees on their time sheets, and therefore, it cannot be held liable for any of the alleged FLSA violations. (D.E. 31 at 5–6.)  Defendant's first defense is no longer relevant in light of the Court's adoption of the Magistrate Judge's Memorandum and Recommendation to Deny Defendant's Motion for Partial Summary Judgment, wherein, the Magistrate Judge concluded that any waiver stemming from the DOL investigation would have no bearing upon the Plaintiffs' ability to pursue claims arising from separate and distinct FLSA violations. (D.E. 54 at 9.)   At the status conference before this Court on March 26, 2013, Plaintiffs indicated that they are not pursuing any of the FLSA claims for alteration of timesheets by supervisors already investigated by the DOL and for which settlement checks were provided. Accordingly, Defendant's only remaining defense—that it relied on its employee's timesheets in good faith—is common to all the Plaintiffs and putative class members.

The last factor that the Court must consider is the fairness to the parties in permitting such a late certification and the procedural implications of certification and notice.  The Court finds that any prejudice to the parties or procedural difficulties are minimal and can be ameliorated by the Court through careful management of the litigation.   Moreover, these concerns are greatly outweighed by the substantial benefits of resolving common issues of law and fact in one proceeding. *See Hoffman-La Roche Inc.*, 493 U.S. at 170 ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact . . . ."). Damages will likely need to be determined on an individual basis; however, there are sufficient

common issues of fact and law to make resolution of all claims in a single proceeding worthwhile. Consequently, at this time, the Court concludes that conditional class certification is appropriate. If, in the future, this is no longer the case, the Court may decertify the class.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration of its initial order denying class certification is DENIED, and Plaintiffs' supplemental motion for conditional class certification and expedited notice to potential plaintiffs is GRANTED.

The Court hereby approves the Notice to Potential Plaintiffs and Notice of Consent attached hereto. Plaintiffs are ORDERED to mail or transmit a copy of (1) the Notice to Potential Plaintiffs, and (2) the Notice of Consent to all current and former closed loop operators of Defendant for the period from March 19, 2009 to present. Defendant is further ORDERED to post the Notice to Potential Plaintiffs and the Notice of Consent on its company bulletin boards and include them with any regular company newsletter transmitted to potential plaintiffs in the sixty (60) days following the date of this Order. All potential plaintiffs have until Friday, June 7, 2013 to file their Notices of Consent "opting in" to this litigation.

ORDERED this 2nd day of April 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAVATA,** | § | |
| **JACK AKIN,** | § | |
| **ZACK HUNTER,** | § | |
| **JERRY JURACH** | § | |
| **MICHAEL MALLETT,** and | § | |
| **JORGE ACOSTA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, LP,** | § | |
| a/k/a Brandt NOV, | § | |
| | § | |
| **Defendant.** | § | |

---

**NOTICE TO POTENTIAL CLASS MEMBERS**

---

**TO**:        Current and former Closed Loop Operators (a/k/a "Sit Hands") of National
            Oilwell Varco, LP (a/k/a "NOV") from March 19, 2009 to present.

**RE**:        Fair Labor Standards Act Lawsuit Against National Oilwell Varco, LP to
            Collect Overtime Wages

**DATE**:      April 2, 2013

**1.      WHY AM I RECEIVING THIS NOTICE?**

    Michael Favata, Jerry Jurach, Jack Akin, Zack Hunter, Michael Mallet, and Jorge Acosta
(Plaintiffs) filed a lawsuit against National Oilwell Varco (Defendant) to recover overtime wages
allegedly owed to Plaintiffs under a federal law known as the Fair Labor Standards Act (FLSA).
Defendant's records show that you currently work or previously worked for Defendant as a
Closed Loop Operator at some time from March 19, 2009 to the present.  As a result, you are
eligible to participate in the lawsuit, and this Notice is to inform you of your right to participate
in the suit.

    This notice is for the sole purpose of determining the identity of those persons who wish
to be involved in this case.  Although the Court has authorized the sending of this notice, there is
no assurance at this time that the Court will grant any relief in this case.

**2.      WHAT IS THE LAWSUIT ABOUT?**

Plaintiffs brought this suit on their behalf and on behalf of those similarly situated to them in the United States District Court for the Southern District of Texas, Corpus Christi Division.  Plaintiffs allege that Defendant had a common plan or policy of preventing its Closed Loop Operator employees from accurately recording their hours worked, and as a result, they were not paid time-and-a-half overtime wages for all hours worked in excess of forty (40) hours per workweek as required under the FLSA.  Defendant disputes Plaintiffs' claims and the damages alleged.  No decision has yet been made by a jury or the Court with regard to Plaintiffs' claims or Defendant's liability.

**3.      WHAT ARE MY OPTIONS?**

You have the option to "opt-in" to the lawsuit and join Plaintiffs in their claims for unpaid overtime wages.  If you desire to join the litigation, you must fill out the enclosed Notice of Consent, sign it, and return it to the Clerk of the Court.  The Notice of Consent must be postmarked **no later than Friday, June 7, 2013**.  If you decide to join this lawsuit by filing your Notice of Consent, you will be bound by the judgment of the Court on all issues of the case, whether it is favorable or unfavorable.

You are not required to join in this lawsuit or to take any action in this matter unless you desire to do so.  If you do not wish to join this lawsuit, you may simply do nothing.  If you do not fill out the enclosed Notice of Consent, you will not be joined in this case, and you will not be entitled to any relief, including back wages for overtime that may be obtained if Plaintiffs prevail.

Your determination of whether or not to take action should be made promptly.  Because the law may only allow a person to recover up to three years of back wages from the date the Notice of Consent is filed, time is of the essence in submitting this form.

**4.      WHO WILL REPRESENT ME IN THIS MATTER?**

Plaintiffs are represented in this matter by attorneys Adam Poncio and Christopher McJunkin (Plaintiffs' Counsel).  You may choose to be represented by Plaintiffs' Counsel, or you may seek out an attorney of your own choosing.  Plaintiffs' Counsel provides its services on a contingent fee basis.  This means that if you are awarded damages in this case, a percentage of your recovery will go to Plaintiffs' Counsel, unless the Court orders Defendant to pay these fees separately, or Defendants agree to pay fees as part of a settlement.

If you wish to be represented by Plaintiffs' Counsel, complete, sign, and timely return the enclosed Notice of Consent, but leave the second part of the Notice about the attorney or firm representing you blank.  If you are proceeding with an attorney of your own choosing, your attorney should complete the form on your behalf with your written authorization.

If you decide to participate in this case, you may be bound by the same fee and cost agreements as Plaintiffs already represented by counsel, and the Court may assess fees and costs among the participating Plaintiffs.

**5.      HOW CAN I GET MORE INFORMATION?**

If you have any questions about this lawsuit or your rights, you may contact Plaintiffs' Attorneys **Adam Poncio** at **(210) 212-7979** or **Chris McJunkin** at **(361) 882-5747**, or you may contact counsel of your own choice.  You should not contact the Court to discuss this matter.

**6.      CAN DEFENDANT RETALIATE AGAINST ME FOR JOINING THIS LAWSUIT?**

No.  It is against federal law for Defendant to retaliate against you for filing a claim to recover wages that you may be owed under the FLSA.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**This notice has been authorized by the Court.**
**It is not an advertisement from Plaintiffs' attorneys.**
**The Court takes no position with regard to the merits of Plaintiffs' claims**
**or Defendant's defenses.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAVATA,** | § | |
| **JACK AKIN,** | § | |
| **ZACK HUNTER,** | § | |
| **JERRY JURACH** | § | |
| **MICHAEL MALLETT,** and | § | |
| **JORGE ACOSTA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, LP,** | § | |
| a/k/a Brandt NOV, | § | |
| | § | |
| **Defendant.** | § | |

---

**NOTICE OF CONSENT**

---

I hereby consent to become a party plaintiff in the above-styled and numbered lawsuit brought pursuant to the Fair Labor Standards Act (FLSA) to recover unpaid overtime wages from my current/former employer National Oilwell Varco, LP (a/k/a "NOV").

| |
|---|
| Your Full Legal Name (please print): |
| |
| Street Address: |
| |
| City, State, and Zip Code: |
| |
| Phone: |
| |
| E-Mail (not required): |
| |

I am represented by (leave blank if you wish to be represented by Plaintiffs' Counsel):

| |
|---|
| Attorney/Firm Name (please print): |
| Street Address: |
| City, State, and Zip Code: |
| Phone: |
| E-Mail (not required): |

_____

**Signature**

_____

**Date**

**Return this form to**:            Clerk of the Court
United States District Court
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

2