**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAVATA, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, LP,** | § | |
| aka/fka Brandt NOV, | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Defendant's Motion for Reconsideration of NOV's Motion for Partial Summary Judgment and Notice of Plaintiff Testimony Showing Full Investigation. (D.E. 79.) For the reasons set forth below, Defendant's motion is DENIED.

On February 7, 2013, United States Magistrate Judge Brian L. Owsley issued a memorandum and recommendation denying Defendant's motion for partial summary judgment. (D.E. 54.) Therein, the Magistrate Judge concluded that Defendant's motion for partial summary judgment should be denied because Plaintiffs' claims in the present action were not within the scope of the Department of Labor's (DOL) prior investigation of Defendant for certain Fair Labor Standard Act (FLSA) violations asserted by its employees. The memorandum and recommendation was adopted by the Court at a status conference held on March 26, 2013.

In its prior investigation, the DOL found that Defendant had failed to pay Plaintiff Jorge Acosta and others their wages for all hours worked; and following the investigation, Defendant and some of the affected employees entered into a DOL supervised settlement. (See Magistrate Judge's summary of MSJ evidence, D.E. 54 at 2–4.) As part of this supervised settlement, some

of the Plaintiffs in the case at hand waived their right to bring any future claims against Defendant pertaining to those wage violations investigated by the DOL. (*Id.*)  Defendant argued that the settlement entitled it to summary judgment on certain claims alleged in the case at hand; however, the Magistrate Judge found that the DOL's investigation only considered Defendant's practice of unilaterally reducing employees' hours on their signed time sheets, nothing more. (See Magistrate Judge's findings of fact and conclusions of law, D.E. 54 at 7–9.)  Accordingly, the Magistrate Judge concluded that the Plaintiffs who participated in the DOL supervised settlement did not waive their present claims regarding Defendant's alleged policy of prohibiting employees from reporting their full work hours on their time sheets. (*Id.*)

In its motion for reconsideration, Defendant argues that the February 1, 2013 deposition testimony of Jorge Acosta provides new evidence not considered by the Court contradicting the Magistrate Judge's finding that the DOL investigation addressed separate FLSA violations from those alleged in the case at hand. (D.E. 79.)  The Court disagrees.

In his deposition, Plaintiff Jorge Acosta indicates that he believes he told the DOL investigator that he was not getting paid for all his hours; however, Mr. Acosta equivocates regarding what precisely he addressed with the DOL investigator, stating "You know, it's been so long.  I don't know what I told him exactly." (Acosta Dep. 52:12–13.)  Mr. Acosta never states that he discussed Defendant's alleged policy of prohibiting its employees from recording all their hours worked, and he even further denies discussing his present claims with the DOL investigator in his errata sheet of corrections for the deposition testimony. (D.E. 81-10.) Moreover, Plaintiffs present considerable evidence indicating that the focus of the DOL investigation was the unilateral changes by Defendant to employees' timesheets after submission. (See exhibits attached to Plaintiffs' Reply memorandum, D.E. 81, Exs. 1–11.)

In sum, the Court finds that Plaintiff Jorge Acosta's February 1, 2013 deposition testimony does not contradict the Magistrate Judge's findings (subsequently adopted by this Court) that there is no evidence in the record to support Defendant's assertion that the DOL's investigation of Defendant addressed the FLSA claims raised in the case at hand. (See Magistrate Judge's findings and conclusions, D.E. 54 at 7–8.)   The summary judgment evidence demonstrates that the DOL made a limited investigation into certain timesheet alterations made by Defendant.  The Court concludes that there exists a genuine issue of material fact as to whether the DOL investigated the claims alleged in the present action, and this question of fact precludes summary judgment.

For the reasons set forth above, Defendant's Motion for Reconsideration of NOV's Motion for Partial Summary Judgment (D.E. 79) is DENIED.

ORDERED this 29th day of May 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE