**IN THE UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAVATA, ET AL,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:12-CV-00082** |
| | § | |
| **NATIONAL OILWELL VARCO, L.P.,** | § | |
| | § | |
| **aka/fka BRANDT NOV** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S TRIAL MEMORANDUM ON REPRESENTATIVE TESTIMONY

In connection with the submission of its Second Proposed Alternative Jury Charge, Defendant National Oilwell Varco, L.P. ("NOV") submits the following trial memorandum on the use of representative testimony to establish liability and damages.[1]

I. *Plaintiffs' Trial Plan States That They Will Prove Their Case by Representative Testimony, Which Requires Extrapolation to the Entire Class.*

Plaintiffs' trial plan states that they will prove liability and damages by representative testimony. "The idea of representative proof is that plaintiffs could provide testimony from a sample of [plaintiffs] who can provide detail information regarding their experiences, which can be then be extrapolated to the remainder of the group without significant error." *Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2011 WL 2009967, at *6 (W.D. Wis. May 23, 2011), *aff'd*, 705 F.3d 770, 773, 775-77 (7th Cir. 2013).

---

[1] By submitting this trial memorandum, NOV does not waive any objections to the form of the Second Proposed Alternative Jury Charge.

Notably, the presentation of a select number of plaintiffs does not mean that the sample is automatically representative of the whole. *Id.* Instead, the jury must decide whether plaintiffs' proof is "representative" such that it may be extrapolated to the entire class. *See id.* (noting that a jury must determine whether proof is representative and, if so, the jury must extrapolate the representative proof to the entire class); *Thiebes v. Wal-Mart Stores, Inc.*, No. 98-802-KI, 2004 WL 1688544, at *5 (D. Or. July 26, 2004) (instructing the jury on factors for the jury to consider when determining whether the testimony is representative).[2]   Therefore, in order for the jury to determine whether the selected sample of Plaintiffs is "representative," it is proper to allow NOV the opportunity to negate the inferences to be drawn from the testimony of the representative Plaintiffs by introducing information regarding the non-testifying Plaintiffs. *See Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702 (3d Cir. 1994) (emphasizing that the defendant should be "given the opportunity to present evidence from payroll records that would tend to negate the inferences to be drawn from the testimony of the representative [plaintiffs]" and remanding the case to the district court to carefully examine the evidence before allowing back pay to the non-testifying plaintiffs).

## II.    *Representative Testimony is Not Proper in this Case.*

As the Plaintiffs near the end of the end of their rebuttal evidence, NOV continues to submit that this case cannot be tried on a representative basis.  Question 11 of NOV's Second

---

[2] Specifically, the jury was provided the following instruction on representative testimony in *Thiebes*:

> In determining whether evidence of testifying plaintiffs is fairly representative, you should decide whether their experiences also happened to non-testifying plaintiffs. You should also decide if the witnesses that testified had the opportunity or ability to observe non-testifying plaintiffs and you should consider what the testifying witnesses observed.
>
> You may consider such factors as the nature of the work involved, the working conditions, the relationships between employees and managers, and the detail and credibility of the testimony. While no exact  number or percentage of the plaintiffs is required to testify, plaintiffs must present a sufficient number of representatives, which, when considered together with all of the other evidence presented in this case, establishes a pattern or practice.

*Thiebes*, 2004 WL 1688544, at *5.

Proposed Alternative Jury Charge highlights the fallacy of using representative proof. Per the Court's indication that it would not submit the list of all 55 Plaintiffs in this case to the jury, NOV has revised the jury question to contain the names of the 7 testifying Plaintiffs.[3] Because Plaintiffs contend that damages can be established on a class-wide basis by the use of representative testimony, the jury would be asked to extrapolate and find "damages" for all 55 Plaintiffs based on the testimony of 7 Plaintiffs. As one court has soundly observed in a similar FLSA class action:

> Without an expert, it is not clear who would testify as to whether extrapolating from the 42 [plaintiffs] is scientifically or statistically appropriate. The single fact that all [plaintiffs] were subject to the same policies, practices and job descriptions does not permit a conclusion that a small sub-set would automatically be representative of the whole. . . . [T]here is too great a chance that *the determination by a jury* of the "average" number of uncompensated hours worked by class members each week would be unreliable and would result in rewarding some [plaintiffs] who have already been compensated fully and, simultaneously reducing the awards to which others are entitled. . . . The wide variability in weekly hours worked implies strongly that one [plaintiff's] experiences may not be a proxy for another.

*Espenscheid,* 2011 WL 2009967, at *6 (emphasis added). Plaintiffs do not have an expert in this case, and extrapolating damages from 7 Plaintiffs for a class of 55 Plaintiffs would be contrary to the evidence NOV has submitted so far. *See also Reich v. Southern Maryland Hosp., Inc.*, 43 F.3d 949, 952 (4th Cir. 1995) (finding that the use of representative testimony resulted in an improper award of back pay to non-testifying plaintiffs who stated that they never missed lunch and were never required to work during their lunch break and instructing the court to scrutinize representative testimony).

Further, as the evidence has revealed, representative testimony is also improper for determining liability. The testifying Plaintiffs have all stated that they are unable to testify as to the experiences of the other Plaintiffs. What is more, the evidence shows that the Plaintiffs'

---

[3] As previously stated, NOV objects to the form of the Proposed Alternative Jury Charge.

experiences varied greatly as to whether they attended mandatory safety meetings and whether they actually worked 24 hours on a one-man job.  *See Johnson*, 561 F. Supp. 2d at 588 ("But when there are significant differences in employment experiences, as the evidence presented at trial shows to be the case here, the procedural advantages of a collective action evaporate, and the Court's confidence that a just verdict on the merits can be rendered is seriously undermined. After considering the full record, the Court reaches the inescapable conclusion that the all or nothing posture of this case makes ruling on the merits fundamentally unfair to both sides.  Were the Court to rule in plaintiffs' favor, it would have to do so on the basis of proof that is not representative of the whole class, and the verdict would result in liability on the defendant in a magnitude that is not likely to be warranted in reality.")

In sum, NOV continues to assert that representative testimony is improper in this case.

Dated:  April 17, 2014

Respectfully submitted,

___*/s/ M. Carter Crow*_____

M. Carter Crow
State Bar No. 05156500
Federal ID  No. 15408
carter.crow@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

Attorney-in-Charge for Defendant National Oilwell Varco aka/ fka Brandt NOV

OF COUNSEL
FULBRIGHT & JAWORSKI, L.L.P.

Greg Moore
State Bar No. 24055999
Federal ID No. 726516
greg.moore@nortonrosefulbright.com

Rafe A. Schaefer
State Bar No. 24077700
Federal ID No. 1743273
rafe.schaefer@nortonrosefulbright.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was served on April 17, 2014, upon the following counsel of record.

| Mr. Adam Poncio | Mr. Chris McJunkin |
|---|---|
| PONCIO LAW OFFICES | 2842 Lawnview |
| 5410 Fredericksburg Rd., Suite 109 | Corpus Christi, Texas 78404 |
| San Antonio, Texas 78229-3550 | |

*s/ M. Carter Crow*
M. Carter Crow

5