IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FAVATA, ET AL, | § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 2:12-CV-00082 |
| NATIONAL OILWELL VARCO, LP., | § § | |
| aka/fka BRANDT NOV | § § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

**Bias**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Burden of Proof/Preponderance of the Evidence**

In this case, the Plaintiffs must prove every essential part of their claim by a preponderance of the evidence. NOV must prove its defenses by a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider

the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Witnesses**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Inferences**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

**Direct and Circumstantial Evidence**

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Note-Taking**

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**Fair Labor Standards Act**

This case arises under the Fair Labor Standards Act, a federal law that generally requires an employer to pay overtime compensation to an employee after the employee has worked over 40 hours in one week. Plaintiffs claim that NOV did not pay them overtime for hours worked "off the clock."

First, Plaintiffs allege that NOV failed to pay Plaintiffs a half-hour for attending daily mandatory safety meetings on days for which Plaintiffs recorded 12.0 hours on their timesheets for a two-man job. Second, Plaintiffs allege that NOV failed to pay Plaintiffs for actually working 24 hours on days in which Plaintiffs recorded 16.0 hours on their timesheets for a one-man job. NOV denies both allegations.

**Work**

Under FLSA, work is defined as physical or mental activity (whether burdensome or not) necessarily and predominantly for the benefit of the employer or his business. Work does not require exertion. Whether waiting time is time worked and compensable under the Act depends upon the particular circumstances. The two primary factors to consider in determining whether waiting time is compensable are:

(a) The agreement between the parties. An employer may agree to pay 16 hours (and therefore exclude 8 hours of time) by an express or implied agreement if (1) the employer furnishes adequate sleeping facilities, and (2) the employee is able to get at least five total hours of sleep in a 24-hour period. The five hours need not be uninterrupted as long as any interruptions during the sleep period are not so frequent as to prevent reasonable periods of sleep equal to five hours total; and

(b) The degree to which the employee is free to engage in personal activities during periods of idleness.

**Two-Man Jobs**

The parties have stipulated that NOV employed the Plaintiffs during the relevant time period. Therefore, to establish an off-the-clock claim for time spent in safety meetings, Plaintiffs must prove each of the following by a preponderance of the evidence for the time period March 19, 2009 to present:

1. That Plaintiffs attended mandatory half-hour safety meetings on days that Plaintiffs recorded 12.0 hours on their timesheet.

2. That NOV had actual or constructive knowledge of Plaintiffs' attendance at the safety meetings for which Plaintiffs were not paid; and

3. That NOV failed to pay Plaintiffs for all hours worked on those days.

**One-Man Jobs**

Plaintiffs allege that they worked 24 hours on days that Plaintiffs recorded 16.0 hours on their timesheet for a one-man job.

Therefore, to establish an off-the-clock claim for a one-man job, Plaintiffs must prove each of the following by a preponderance of the evidence for the time period March 19, 2009 to present:

1. That Plaintiffs worked 24 hours on days that Plaintiffs recorded 16.0 hours on their time sheet.

2. That NOV had actual or constructive knowledge that Plaintiffs were working 24 hours on days that Plaintiffs recorded 16.0 hours on their time sheet; and

3. That NOV failed to pay Plaintiffs for all hours worked on those days.

**Actual or Constructive Knowledge**

Plaintiffs must prove that NOV had actual or constructive knowledge of Plaintiffs performing off-the-clock work for which Plaintiffs were not paid.

"Actual knowledge" means that NOV knew that Plaintiffs were attending safety meetings or working 24 hours for which they were not being paid.

"Constructive knowledge" means that NOV had reason to believe that the information provided to it on the Plaintiffs' timesheets was inaccurate. Whether NOV had access to information regarding Plaintiffs' daily activities does not constitute constructive knowledge that Plaintiffs were working overtime.

Individuals with sufficient supervisory and managerial authority must possess that knowledge. For knowledge of a supervisor to be imputed to the company, that supervisor must be at a sufficiently high level in the hierarchy of a company or must be charged with substantial responsibility for relaying employee complaints to management.

**Representative Evidence**

This is a collective action. The Fair Labor Standards Act allows one or more employees to pursue an action in a representative capacity for other employees who are similarly situated and who consent to join the action. Plaintiffs have all consented to join this action.

In a collective action, all of the plaintiffs are entitled to prevail on their claim only if the evidence establishes that both the plaintiffs who testify, and those who do not testify, are similarly situated to each other. To prove this, plaintiffs can rely on the testimony of a limited number of employees and other evidence to show whether or not an employer has a pattern or practice that applies to all workers who perform the same job or that the entire group is commonly affected by a single decision, policy, or plan. Usually, a plaintiff or a group of plaintiffs can represent other employees in this way only if the employees whom the testifying

plaintiffs claim to represent perform substantially similar job tasks as the non-testifying plaintiffs, assert the same claims as the non-testifying plaintiffs, and all of them are affected by the same decision, plan, policy or practice.

Here, Plaintiffs have presented testimony from certain closed-loop operators whom they contend are representative of all 55 Plaintiffs. NOV has presented evidence from certain closed-loop operators to support its belief that the Plaintiffs who have testified are not similarly situated to each other or to the Plaintiffs who have not testified. It will be up to you to decide if the evidence presented shows by a preponderance of the evidence that the testifying Plaintiffs are similarly situated to the non-testifying Plaintiffs and that NOV had a policy, practice, or plan that applied to all Plaintiffs in the same way. All of the Plaintiffs need not be identical, but the evidence must demonstrate that the work experiences, work conditions and rules, and claims of the Plaintiffs are substantially similar.

In making this determination, you may consider whether or not the testifying Plaintiffs' work experiences, work conditions and rules, and claims are similar to those of the non-testifying Plaintiffs, as well as whether or not the testifying Plaintiffs had an opportunity or ability to observe the work of non-testifying Plaintiffs, and the details they provide about the non-testifying Plaintiffs' work.

**Fair Labor Standards Act--Willfulness**

In the event you determine that NOV is liable, you must determine whether Plaintiffs have proven that NOV willfully violated the Fair Labor Standards Act. The word "willful" has a legal meaning of which I will instruct you in a moment.

If NOV is liable, Plaintiffs are entitled to recover lost wages from the present time, or the time they stopped working for NOV, back no more than two years before the Plaintiffs filed this lawsuit, unless you find NOV's violation to be willful. If you find NOV willfully violated the Fair Labor Standards Act, Plaintiffs are entitled to recover lost wages from the present time back no more than three years before the Plaintiffs filed this lawsuit.

Willful refers to conduct beyond something merely negligent or accidental. A violation of the Fair Labor Standards Act is "willful" if the employer knew, or showed reckless disregard for, whether the pay practice at issue violated the Fair Labor Standards Act. Willful refers to conduct that is voluntary, deliberate, and intentional. Thus, merely acting negligently or unreasonably is insufficient to establish willfulness. Additionally, a good faith, but incorrect, assumption that a pay plan complied with the Fair Labor Standards Act is not enough to show that a violation was willful.

To show willfulness, Plaintiffs must prove by a preponderance of the evidence that NOV knew of the existence and the effect of the Fair Labor Standards Act and knowingly or recklessly violated or disregarded its requirements.

You should not interpret the fact that I have given instructions about willfulness as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to determine whether NOV is liable. I am instructing you on the willfulness issue only

so that you will have guidance in the event you decide that NOV is liable and that Plaintiffs are entitled to recover money from NOV.

**Damages**

If you find that Plaintiffs have satisfied their burden of proving the essential elements of Plaintiffs' claim by a preponderance of the evidence and that Defendants are liable to Plaintiffs in some amount, then you must determine what amount of money would compensate Plaintiffs.

The measure of damages for a violation of FLSA's overtime requirement is the difference between what Plaintiffs should have been paid under FLSA and the amount that you find Defendants actually paid Plaintiffs.

If you find that Defendant's records are inaccurate or incomplete, Plaintiffs' burden is to prove the number of hours they worked by a just and reasonable inference. If you find that Plaintiffs have shown the number of hours worked by a just and reasonable inference, the burden then shifts to the Defendant to come forward with either evidence of the precise amount of work performed or evidence to rebut the reasonableness of the inference to be drawn from the employee's evidence. If the Defendant fails to produce such evidence, you may then award damages to the employee, even though the result may be approximate. Testimony that amounts to mere speculation, however, is insufficient to prove the number of hours worked in a given workweek.

**No Punitive or Exemplary Damages**

If you determine that Plaintiffs are entitled to damages, in determining the amount of each Plaintiff's damages, you may not include or add to the damages any sum for the purpose of punishing Defendants or serving as an example to warn others.

**Deliberations**

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Communicating with the Court**

If you want to communicate with me at any time, please give a written message or question to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

SIGNED this 21st day of April, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE