UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FAVATA, *et al*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 2:12-CV-82 | |
| § | | |
| NATIONAL OILWELL VARCO, LP; aka § | | |
| BRANDT NOV, § | | |
| § | | |
| Defendant. § | | |

## **ORDER**

This case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, resulting in a jury verdict in favor of the Defendant. D.E. 277. Before the Court is Defendant National Oilwell Varco, L.P.'s (NOV's) Motion for Entry of Judgment (D.E. 279). The parties dispute (1) whether the claims of certain individuals were submitted to the jury such that the verdict disposes of their claims, and (2) whether the Court should award costs to NOV. For the reasons set out below, the Motion is GRANTED and final judgment will issue, disposing of all of the claims and awarding costs to NOV, subject to review on proper post-judgment motion.

### A. The Untried Claims

Plaintiffs argue that the parties' definition of the claims being tried eliminated from the trial any claims brought by five Plaintiffs: Cameron Robinson (D.E. 134), Kerry Gladney (D.E. 142), Marcos Villa (D.E. 152), Nicholas Giordano (D.E. 104), and Trevor Weathers (D.E. 166). Each of those Plaintiffs had opted into the class and none of them sought dismissal without prejudice prior to trial. Plaintiffs further argue that they

did not try the retaliation claims alleged on behalf of Named Plaintiffs Michael Mallett and Jack Akin and/or Michael Favata. The Third Amended Complaint (D.E. 227, ¶ 20) addresses only one retaliation claim, brought by Mallet, which was not addressed in any of the pretrial submissions.

It is well-settled that parties have an obligation to timely and clearly disclose the claims upon which they seek trial:

> Each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case. Failure to do so may implicate waiver of the issue at the discretion of the trial court, subject to considerations of fairness and efficient administration of justice.

*Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.13 (5th Cir. 1985) (citation omitted). *See also Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 346 (5th Cir. 2002); Fed. R. Civ. P. 16, 51.

Plaintiffs failed to dismiss the claims without prejudice prior to trial according to the procedure prescribed by Fed. R. Civ. P. 41. They failed to address these claims in any joint pretrial order (D.E. 236) or trial plan (D.E. 228). They failed to submit requested jury questions or instructions related to those claims. D.E. 236-4. Any error in failing to give a proper jury question or instruction is waived if not requested. Fed. R. Civ. P. 51(d)(1). They failed to seek any amendment to the joint pretrial order, trial plan, or proposed jury charge. They did not produce or seek to produce evidence at trial to support the claims. Therefore, the claims were waived. The proposed judgment properly

disposes of all of the claims of all of the Plaintiffs, including the five opt-in Plaintiffs and any retaliation claims.

### B. Costs

The law is clear. As the prevailing party, NOV enjoys a "strong presumption" that it is entitled to an award of costs under Fed. R. Civ. P. 54(d)(1), which costs are defined in 28 U.S.C. § 1920. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir.2006); *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1991) (citing *United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir.1987), *cert. denied*, 485 U.S. 976 (1988)). A prevailing party may be denied costs only in unusual cases, such as those where there are offsetting victories, where the losing party fought valiantly in a close case in the public interest, or where the prevailing party's litigation tactics were abusive or vexatious. *Sheets, supra* (addressing hardball tactics); *Johnson v. Big Lots Stores, Inc.*, 639 F.Supp.2d 696 (E.D. La. 2009) (addressing the "equitable" taxation of costs where both parties enjoyed some victories, which need be more than interlocutory procedural victories); *Rose v. East Texas Medical Center Regional Healthcare System*, No. 2:05 CV 216, 2008 WL 4755609 (E.D. Tex. Oct. 28, 2008) (addressing a public interest victory in a case lost on its merits).

In determining the specific costs allowed, a court has "great latitude" or "wide discretion" to make fact determinations regarding whether specific costs that fall within the § 1920 definitions were reasonable and necessary for use in the case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987); *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). This Court is required to give "careful scrutiny" to the

costs submitted by the prevailing party. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Whether costs are denied in their entirety or reduced, the court is required to fully articulate its reasoning. *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216-17 (5th Cir. 1991).

Plaintiffs argue for a wholesale denial of costs based on: (1) the remedial nature of the FLSA and its intent to reduce the burden on individual plaintiffs; (2) the "chilling effect" an award of costs would have on potential plaintiffs, particularly those with legitimate claims to small damage awards; (3) the disparate financial resources of the parties; (4) NOV's misconduct; (5) the close and difficult legal issues presented; (6) a substantial benefit conferred on the public; and (7) Plaintiffs' good faith. D.E. 282. None of Plaintiffs' arguments state an appropriate basis for the denial of costs to NOV.

**The Burden on Plaintiffs**. With respect to burdening plaintiffs, FLSA employs a collective action procedure by which costs, fees, and expenses incurred in bringing claims on behalf of multiple plaintiffs may be reduced by an economy of scale. *See generally*, 29 U.S.C. § 216(b). Prevailing plaintiffs also have the right to recover their attorney's fees, which acts as an incentive for bringing small claims. *See generally, id.* The legislature, mindful of the burden of litigation and capable of formulating the statute to accommodate plaintiffs' needs, did not choose to exempt losing plaintiffs from an award of costs. 29 U.S.C. § 216. The remedial purpose of the FLSA is insufficient reason to refuse to award costs to NOV as the prevailing party. *See generally, Frye v. Baptist Memorial Hospital, Inc.*, 863 F.Supp.2d 701 (W.D. Tenn. 2012) (reading the

FLSA's silence on the issue of costs being awarded against a losing plaintiff as deference to Rule 54, 28 U.S.C. § 1920, and the strong presumption in favor of cost-shifting).

*Frye* addressed this issue in a clear and persuasive manner:

> The FLSA is "designed to be 'a broadly remedial and humanitarian statute,'" but taxing costs to Frye would not undermine those goals.  Frye chose to bring his FLSA claim as a collective action.  He was not required to do so.  He chose to put himself at risk as the named party, and he assumed the attendant risks, including the risk of paying costs.  That the FLSA is remedial should not permit Frye to evade the responsibilities of advancing a failed claim. Congress has recognized that representative actions are neither risk-free nor inexpensive; indeed, risk and cost are ubiquitous.  Frye may not use the FLSA as a sword to advance his claim while shielding himself from risk.  To conclude otherwise would allow plaintiffs to advance risk-free FLSA claims, which neither the FLSA nor representative actions in general permit.

*Frye, supra* at 706 (citation omitted).  *See also, Reyes v. Texas EZPawn, LP,* No. V-03-128, 2007 WL 4530533 (S.D. Tex. Dec. 19, 2007) (awarding costs against representative plaintiff after decertifying the class in FLSA action); *Bank of America Wage and Hour Employment Litigation*, 286 F.R.D. 572, 599 (D. Kan. 2012) (including a warning regarding the risk of a cost award in the notice to putative class members).  The Plaintiffs' burden of litigating a remedial FLSA claim does not justify a denial of NOV's costs.

**The Chilling Effect**.  Plaintiffs cite *Rose, supra,* as showing that an award of costs may be denied where it would create a chilling effect on future lawsuits.  The analysis of *Rose* does not apply here because the two actions are materially different.  *Rose* was a claim under the False Claims Act, which allows an individual to vindicate public rights

with respect to the expenditure of public monies. The statute's success depends on the individual's fortitude to run the gauntlet on behalf of the public fisc.

In contrast, the FLSA supplies a private action for a private remedy and it is the Plaintiffs' self-interest that powers the litigation to obtain the statutory benefits. Other courts have identified the "very real" prospect of liability for costs as an appropriate risk to discourage meritless cases. *E.g., Frye, supra*. The award of costs to NOV as the prevailing party in a FLSA case will not produce a chilling effect that jeopardizes the purpose of the FLSA.

**Comparative Wealth**. The Fifth Circuit has made it clear that the disparate financial resources of the parties cannot justify a refusal to award costs. *Moore v. CITGO Refining & Chemical Co*., 735 F.3d 309, 320 (5th Cir. 2013). Plaintiffs have not raised the issue of actual indigency or inability to pay a cost award. Neither have they submitted evidence of any particular Plaintiff's insolvency. While indigency may remain a valid legal basis for declining to award costs, no such determination can be made without a supporting factual record. *E.g*., *Id*. The Court will not deny costs on the basis of NOV's superior financial resources.

**Misconduct**. The type of misconduct that may justify a refusal to award costs is the use of abusive or vexatious litigation tactics to such a degree as would warrant santions. *Sheets, supra* (collecting cases and referencing inexcusable delay, evasive discovery moves, abusive hardball tactics, and obfuscatory defense strategies that sent the opposing party on wild goose chases and wasted court time). Plaintiffs do not argue any such misconduct. Instead, they refer to NOV's actions with respect to the handling of

Plaintiffs' timesheets and conduct underlying the FLSA claims. D.E. 282. The jury has determined that NOV did not engage in actionable conduct. D.E. 277. The evidence does not support the refusal to award costs based on misconduct.

**Close and Difficult Legal Issues**. While the parties hotly contested the certification of the collective action and while NOV urged several summary judgment motions, the issues presented were not novel and did not result in an important development of FLSA jurisprudence. Whether the parties' efforts were reasonable and necessary to the resolution of the case can be determined when the Court reviews the costs NOV seeks.

**Public Service**. Plaintiffs, again citing *Rose, supra,* argue that costs may be withheld from a prevailing defendant when the plaintiff, although losing the case on the merits, conferred a substantial benefit on the public by the litigation. That case addressed claims under the False Claims Act, 31 U.S.C. § 3729, et seq., which allows an individual to bring a claim for the public good. The individual in *Rose* did not actually prevail because the legal issue was so close that the defendant could not be charged with "knowing" violations of the law. However, the litigation did render practical public benefits by having the defendant's participation in the government program suspended and triggering additional regulatory scrutiny. Thus the *Rose* court determined that the defendant's technical win did not reflect the realities of the effect of the litigation and it refused to award costs against the individual.

In contrast, as noted above, the Plaintiffs' FLSA action was brought for their individual benefit. They have not demonstrated that the litigation brought about any

reforms that, as a practical matter, undercut NOV's status as the prevailing party. Consequently, the argument that costs should not be awarded against a losing litigant whose lawsuit served the public good does not apply here.

**Good Faith**.  "Good faith alone will not justify withholding costs from the prevailing party." *Rose, supra*.  Having found no other reason to overcome the strong presumption in favor of NOV, the Plaintiff's good faith, which is not questioned, does not warrant a denial of NOV's claim to recover its costs.

## CONCLUSION

For the reasons set out above, the Court GRANTS NOV's Motion for Judgment, including judgment against the individuals in question and for costs.  The granting of costs is without prejudice to any objection Plaintiffs may raise to specific costs that NOV may claim in its bill of costs, which has yet to be filed.

ORDERED this 20th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE