IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FAVATA, ET AL, Plaintiffs | § § § § | |
| VS. | § § | CIVIL ACTION NO. 2:12-CV-00082 Jury Trial |
| NATIONAL OILWELL VARCO, LP. aka/fka BRANDT NOV Defendant | § § § § | |

### PLAINTIFFS' OBJECTIONS TO AND RESPONSE IN OPPOSITION TO DEFENDANT'S BILL OF COSTS

COME NOW Plaintiffs who file this Plaintiffs' Objections and Response in Opposition to Defendant National Oilwell Varco, LP's Bill of Costs.

Pursuant to agreement of the Parties, Plaintiffs' timely file their Objections to Defendant's Bill of Costs.

Taxation of costs under FRCP 54(d) is a matter within the court's discretion, although this discretion is limited by the express provisions of 28 USC sec. 1920. Plaintiffs submit that the Court also has discretion to reduce the amount of costs requested by Defendant.

The court may decline to award certain costs, but may not tax expenses that are not listed in 28 USC sec. 1920.

Plaintiffs raise the following objections to Defendant's Bill of Costs and assert that Defendant did not meet its burden to establish entitlement to said costs as requested. "Items proposed by the winning party as costs should always be given careful scrutiny." *La.Power & Light Co., V Kellstrom,* 50 F.3d 319, 335 (5th Cir.1995).

### Certificate of Non-Appearance for Plaintiff Jeff Robles:

Defendant submits a cost of $150 for the Certificate of Non-Appearance for Jeff Robles (DE 288-1: p.5 of 13). Plaintiffs object to this cost on basis it is not specifically authorized under 28 USC Sec. 1920.

## Deposition Costs

Plaintiffs object on the basis that deposition costs fall under 29 USC Sec.1920(2) which states fees that may be awarded include "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case". The statute clearly specifies *printed* **"or"** *electronically recorded transcripts*; it does not state *printed* **"and"** *electronically recorded transcripts*. Plaintiffs would assert that the plain meaning of the words is that costs may be sought for one type of recorded transcript, not both types of recording for a transcript for the same witness, otherwise Congress would have used the connecting term **"and"**. (See *HEI Res. East OMG Joint Venture v S.Lavon Evans, Jr., Operating Co., Inc.* 2010 US Dist LEXIS 11841 (SD Laredo 2010): The prevailing Plaintiff submitted both the written and video deposition costs for a witness; the District Court did "not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format" Id at p.5, sec. c).

Defendant NOV has submitted requests for Double Deposition Transcripts costs: (DE 288-1, p.4-6) Defendant has submitted a total of $5,674 for video deposition costs for the same depositions which it has submitted costs written transcripts costs. Accordingly, Plaintiffs contests the award of the following video costs for which costs for the written transcripts have also been submitted:

|  | Cost in dollars |
|---|---|
| Jack Akin | $422.50 |
| Josue Ramirez | 153.75 |
| Zack Hunter | 335.50 |

| | |
|---|---|
| Michael Mallett | 365 |
| Jerry Jurach | 143.75 |
| Jorge Acosta | 175 |
| Michael Favata | 325 |
| Christopher Tapia | 300 |
| Justin Pfenninger | 260 |
| David Garcia | 260 |
| Henry Bolton | 435 |
| Kerry Gladney | 380 |
| Danny Jackson | 150 |
| Marvin Lampley | 265 |
| Michael Schwab | 320 |
| David Kelley | 250 |
| Dwight Edwards | 451 |
| O.B. Holmes | 200 |
| Nicholas Giordano | 302.50 |
| Shane Phillips | 180 |

## **Costs for Copies of Depositions**

Plaintiffs object to the costs submitted for multiple copies of written transcripts for the following depositions as not within Sec.1920.

| | cost of copy of original transcript objected to |
|---|---|
| Michael Schwab | $71.99 (Defendant submitted cost of $469.90 for original copy) |
| Mike Savoie | $117.50 (Defendant submitted cost of $256.99 for original copy) |

## **Transcript of March 26, 2014, Status Hearing**

Defendant submitted a cost of $194 for the transcript of the March 26, 2014, Status Hearing. Plaintiffs object as not within Sec. 1920, and that Defendant did not establish the cost was primarily prepared for convenience of counsel and not necessary for use at trial. (See *HEI Res. East OMG Joint Venture v S.Lavon Evans, Jr., Operating Co., Inc.* 2010 US Dist LEXIS 11841 (SD Laredo 2010):

===========================

**Professional audio and video services during trial as exemplification costs.**
(Def Bill of Costs Ex.D, p.9 of 11: Total $9,842.50)

Plaintiffs object to costs submitted by defendant under professional audio and video services during trial as exemplification costs as not within Sec. 1920 and not being appropriate in this case. Defendant cites three cases in support of seeking these costs. The cases cited by Defendant stand for the proposition that such costs are appropriate if there is pretrial authorization by the trial court because the litigation is complex and lengthy.

Defendant cites and relies upon three cases:

1. *JT Gibbons, Inc. v Crawford Fitting Co.*, 760 F.2d 613 (5th Cir.1985) in support for these costs stating that in *Gibbons,* the Fifth Circuit upheld an award of $18,494.24 for cost of projection equipment and technical assistance at trial. *JF Gibbons, Inc.* involved a complicated anti-trust litigation between very large companies. *JF Gibbons, Inc. v Crawford Fitting Co.*, 565 F.Supp.167, 170-171 (ED La 1981). In the case cited by defendant, the Fifth Circuit upheld this expense because the trial court had requested audiovisual equipment.

> *Gibbons* at 615:
> "it is settled that costs for charts, models and photographs may be taxed as costs only if there is pretrial authorization by the trial court. *Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir.1983); *Johns Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir.1970). Here the record reflects that prior to trial the district court requested the audiovisual equipment which, in fact, was used by both Gibbons and Crawford."
>
> "The district court had prior experience with the use of this special equipment and found it to be necessary and reasonable in conducting such complex and lengthy antitrust litigation as that before it." *Gibbons* at 615
> ---------------------------------

2. *SynQor, Inc. v. Artesyn Techs., Inc.,* 2011 U.S. Dist. LEXIS 112493, United States District Court for the Eastern District of Texas, Marshall Division Sec. C.

SynQor dealt with complicated litigation involving patent rights between large corporations. *SynQor, Inc. v Artesyn Techs, Inc.* 2010 US Dist LEXIS 74808 (ED Tex. Marshall 2010).

In *SynQor*, the Court encouraged the parties to engage in the use of technicians to streamline the presentation of evidence, and even under those facts, the Court noted it has not historically provided recovery for all costs related to technicians. Even after encouraging the parties to use audio and visual services to present the complicated issues, the Court reduced SynQor's request by 25%. Id at sec. C.

3.   <u>Versata Software Inc. v. SAP Am., Inc.</u>, 2011 U.S. Dist. LEXIS 109015 (ED Texas Marshall 2011)

Versata Sofware was complicated litigation between large corporations involving technology patent rights. *Versata Software Inc. v. SAP Am., Inc.,* 2009 U.S. Dist. LEXIS 45751 (ED Texas Marshall 2011)

The Court stressed to the parties that they needed to present the case to use an efficient method to present the case. Subsequently, both parties used audio and visual professional services. On these facts the Court awarded approximately 57% ($90,090 of $158,000), of the costs SAP Am, Inc., spent on audio and visual professional services. Defendant did not seek nor did the court give pre-authorization for these costs. Moreover, Plaintiffs were not aware that these services would be used nor were these services made available for use during trial by Plaintiffs. As such, these expenses should not be awarded as costs/

## In-House Copy Costs

Defendant submits a cost of in house copies and uses a rate of $0.15 per copy to compute these costs for a total of $2,894.25 as shown and itemized in Exhibit A to Defendant's Bill of Costs, pages 4 to 9. Plaintiffs object to the rate and submit that a rate of $0.08 is appropriate ---

the same rate Defendant paid for third party copying as shown on Ex.3. This results in a total of 53% (8/15) of $2,894.25 for a total $1,533.95.

### Third Party Copy Costs

Plaintiffs object to the following copy costs:

1. Cornerstone Document invoiced dated April 9, 2014, totaling $6,973.74, including $5,925 in copy costs (ex 1 hereto; and DE 288-4, p.5 of 11 to Def Bill of Costs)

Defendant is required is required to provide some demonstration that reproduction costs necessarily result from that litigation and this requires "more than breaking the copying costs into categories and providing a conclusory affidavit. *SynQor, Inc. v. Artesyn Techs., Inc.,* 2011 U.S. Dist. LEXIS 112493, p.5, sec.B (US Dist. E.D. Tex, Marshall Division). Defendant request for these copy costs is supported by:

    a.    counsel's affidavit stating $8,016.14 in printing and copying costs of trial exhibits and documents by a third-party vendor two weeks before trial. (Ex.2: p.2 sec.6)

    b.    an invoice dated April 16, 2014, for 16,930 copies described as 'color copies letter/legal' for total of $5,925 (Ex.1);

The disputed copies are billed at $0.35 per copy. The same vender billed copies at $.08 each on April 16, 2014. (Ex.3).

Plaintiffs assert that Defendant did not itemize these costs or explain why all those copies were necessary or offered at trial. (US et rel. Evergreen Pipeline Constr Co v Merritt Meridian Constru. Corp, 95, F3d 153, 172 (2nd Cir. 1996) Evergreen, prevailing party, sought $17,690.78 in photocopying fees, district court awarded $5,000 and upheld by 2nd Circuit)

### Transcript Costs: Defendant Ex. F

Plaintiff objects to Defendant's request for transcript costs attached as Ex F to Defendant's Bill of Costs.

These costs were incurred by Hartline Dacus Barger Dreyer, LLP. (Ex F to Defendant's Bill of Costs). Plaintiffs submit and object that counsel for NOV is not able to verify a Bill of Costs incurred by Hartline Dacus Barger Dreyer, LLP.

Plaintiffs object on basis that Defendant did not establish that the transcripts were necessary for use in the case and not primarily for convenience of defendant's counsel.

## CONCLUSION

Plaintiffs have objected to costs as set out above and shown Defendant is not entitled to the costs or in the alternative that the costs should be reduced. Pursuant to FRCP Sec.54(d) and 28 USC Sec. 1920, the trial court has discretion under these statutes to deny or reduce costs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court grant their requests to deny or in the alternative reduce Defendant's Bill of Costs as set out herein. Plaintiffs pray for other relief available to Plaintiffs pursuant to FRCP or to which Plaintiffs are entitled at law or in equity.

Respectfully Submitted,


By: /s/ Adam Poncio
    Adam Poncio
    Southern District No. 194847
    State Bar No. 16109800

    PONCIO LAW OFFICES
    A Professional Corporation
    5410 Fredericksburg Rd., Suite 109
    San Antonio, Texas 78229-3550
    Telephone:    (210) 212-7979
    Facsimile:     (210) 212-5880

    Chris McJunkin
    Southern District No.23548
    State Bar #13686525
    2842 Lawnview
    Corpus Christi, TX 78404
    Tel: (361) 882-5747
    Fax: (361) 882-8926


## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of July, 2014, a true and correct copy of the foregoing document was delivered to counsel as shown pursuant to the Federal Rules of Civil Procedure:

M. Carter Crow
Greg Moore
Fulbright & Jaworksi, LLP
1301 McKinney, Ste 5100
Houston, TX 77010-3095
Fax: 713-651-5246

    */s/ Adam Poncio*
    Adam Poncio

IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FAVATA, ET AL, Plaintiffs | § § § § | |
| VS. | § § | CIVIL ACTION NO. 2:12-CV-00082 Jury Trial |
| NATIONAL OILWELL VARCO, LP. aka/fka BRANDT NOV Defendant | § § § § | |

### ORDER ON PLAINTIFFS' OBJECTIONS TO AND RESPONSE IN OPPOSITION TO DEFENDANT'S BILL OF COSTS

On this_____ day of July, 2014, this Court considered Plaintiffs' Objections and Response in Opposition to Defendant National Oilwell Varco, LP's Bill of Costs. Upon review of the pleadings and the applicable law, it was determined that the following denied or reduced:

1. Deposition Costs

2. Certificate of Non-Appearance for Plaintiff Jeff Robles _____:

3. Costs for Copies of Depositions

    Michael Schwab     _____

    Mike Savoie     _____

4. Transcript of March 26, 2014, Status Hearing _____

5. Professional audio and video services during trial as exemplification costs _____

6. In-House Copy Costs _____

7. Third Party Copy Costs _____

8. Transcript Costs: _____

SIGNED on _____ , 2014.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# Invoice



**CORNERSTONE DOCUMENTS.**

P.O. Box 53888
Houston, TX 77052-3888
713-225-5800
Fed Tax ID 65-1166227

| Date | Invoice # |
|---|---|
| 4/9/2014 | 22744 |

**Bill To**
Norton Rose Fulbright
1301 McKinney, Suite 4400
Houston, Texas 77010

**Ship To**
Norton Rose Fulbright
1301 McKinney, Suite 4400
Houston, Texas 77010

| Client Matter Number | Terms | Rep | Job Number | Ordered By |
|---|---|---|---|---|
| Tahiti Documents | Net 30 | TB | April 36 | Cindy Hickman |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 16,930 | 2611 | Color Copies Letter/Legal | 0.35 | 5,925.50T |
| 10 | 8103 | 3" Clearview D-Ring Binder | 15.00 | 150.00T |
| 5 | 8102 | 2" Clearview D-Ring Binder | 10.00 | 50.00T |
| 705 | 6005 | Custom Tabs | 0.35 | 246.75T |
| 2 | 4500 | 16 GB Thumb Drives | 35.00 | 70.00T |

Customer's duly authorized signature below is an agreement that the above-described work has been received and accepted by Customer. Customer assures payment of this invoice within 30 days. Interest at the rate of the lesser 1.5% per month or the maximim legal rate will be charged on invoices not paid within 30 days. Customer agrees to pay legal fees incurred in the collection of past due accounts.

Thank you for your business.

Received and Accepted:_____

| | |
|---|---|
| **Subtotal** | $6,442.25 |
| **Sales Tax (8.25%)** | $531.49 |
| **Total** | $6,973.74 |

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL FAVATA, ET AL, § § **Plaintiffs** § § v. § NATIONAL OILWELL VARCO, L.P., § aka/fka BRANDT NOV § **Defendant.** § § § | CIVIL ACTION NO. 2:12-CV-00082 |

## DEFENDANT'S AFFIDAVIT REGARDING BILL OF COSTS

Defendant National Oilwell Varco, L.P. ("NOV") files this affidavit regarding its Bill of Costs, and respectfully show the Court:

### AFFIDAVIT OF M. CARTER CROW

| | |
|---|---|
| THE STATE OF TEXAS | § § |
| COUNTY OF TRAVIS | § |

On this day, M. Carter Crow, the affiant, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document, and stated:

"1.    My name is M. Carter Crow. I am over eighteen years of age, of sound mind, have never been convicted of a felony, and am competent in all respects to make this affidavit. The facts stated herein are within my personal knowledge and are all true and correct.

2.    I served as lead counsel for NOV in the above-captioned case.

3.    I declare under penalty of perjury that the costs presented in Defendant's Bill of Costs are correct.

4.    The costs were necessarily incurred by NOV during the pendency of the litigation, specifically through extensive discovery, motions, and trial.

5. Costs were incurred by NOV in the amount of $18,614.50 in connection with the taking of depositions of 21 Plaintiffs and 8 NOV representatives and employees. Attached to the Bill of Costs are true and correct copies of the invoices from the various depositions.

6. Costs were incurred by NOV in the amount of $21,204.04 for printing, exemplification, and the coping of documents necessarily obtained for use in the case, which includes (1) $8,016.14 in printing and copying costs of trial exhibits and documents by a third-party vendor two weeks before trial; (2) $2,894.25 for in-house printing and copying; (3) $9,842.50 in costs for professional technical support at trial; and (4) $146.15 in costs for public record requests. Mindful that the cost of copies is limited to those necessarily obtained for use in the case, NOV is only seeking $2,894.25 for in-house copying, which Fulbright & Jaworski LLP charges $.15 per page, even though it actually incurred costs of $11,714.15. Attached to the Bill of Costs are true and correct copies of the invoices.

7. Costs were incurred by NOV in the amount of $240.00 for the use of an interpreter at the deposition of Plaintiff David Garcia. Attached to the Bill of Costs is a true and correct copy of the invoice from the interpreter.

8. Additional costs were incurred by NOV as reflected in a separate itemization of costs prepared by Hartline Dacus Barger Dreyer, LLP in the amount of $2,891.90 for trial transcripts necessarily obtained for use in the case. This amount is included in the total amount of costs claimed by NOV in its Motion for Costs and Bill of Costs, and is located on the "Other Costs" line.

9. The services for which fees have been charged were actually and necessarily performed.
Further affiant sayeth not."

_____
M. Carter Crow

SUBSCRIBED AND SWORN TO before me on July 3, 2014

_____
Notary Public in and for the State of Texas

_____
Printed Name of Notary

My Commission Expires: _____



CINDY L. HICKMAN
Notary Public, State of Texas
Commission Expires
MARCH 14, 2017

53626750.1                                  - 3 -

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by the Court's CM/ECF system on July 3, 2014.

| Mr. Adam Poncio<br>PONCIO LAW OFFICES<br>5410 Fredericksburg Rd., Suite 109<br>San Antonio, Texas 78229-3550 | Mr. Chris McJunkin<br>2842 Lawnview<br>Corpus Christi, Texas 78404 |
|---|---|

*s/ M. Carter Crow*
M. Carter Crow

**EXHIBIT 3**

# Invoice



P.O. Box 53888
Houston, TX 77052-3888
713-225-5800
Fed Tax ID 65-1166227

| Date | Invoice # |
|---|---|
| 4/16/2014 | 22762 |

**Bill To**
Norton Rose Fulbright
1301 McKinney, Suite 4400
Houston, Texas 77010

**Ship To**
Norton Rose Fulbright
1301 McKinney, Suite 4400
Houston, Texas 77010

| Client Matter Number | Terms | Rep | Job Number | Ordered By |
|---|---|---|---|---|
| 11203337 | Net 30 | TB | April 48 | Cindy Hickman |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 6,400 | 2502 | Copies Light Litigation | 0.08 | 512.00T |
| 225 | 6025 | Tabs - Preprinted | 0.25 | 56.25T |
| 5 | 8104 | 4" Clearview D-Ring Binder | 20.00 | 100.00T |

Customer's duly authorized signature below is an agreement that the above-described work has been received and accepted by Customer. Customer assures payment of this invoice within 30 days. Interest at the rate of the lesser 1.5% per month or the maximim legal rate will be charged on invoices not paid within 30 days. Customer agrees to pay legal fees incurred in the collection of past due accounts.

Thank you for your business.

Received and Accepted:_____

| | |
|---|---|
| Subtotal | $668.25 |
| Sales Tax (8.25%) | $55.13 |
| **Total** | **$723.38** |