UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FAVATA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-82 |
| | § | |
| NATIONAL OILWELL VARCO, LP; aka | § | |
| BRANDT NOV, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR COSTS

Pending before the Court is Defendant National Oilwell Varco, L.P. A/K/A/ Brandy NOV's (hereinafter "NOV") Bill of Costs (D.E. 288). NOV seeks its costs of litigation as the prevailing party; however, Plaintiffs object to many of the asserted fees. D.E. 293. For the reasons set forth below, Plaintiffs are taxed $33,373.64 as costs.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs—other than attorneys' fees—should be granted to the prevailing party. Rule 54 affords the Court discretion to award taxable costs according to the circumstances of the case, and 28 U.S.C. § 1920 defines which costs are "taxable costs." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). The statute reads:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). The district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006).

## II. ANALYSIS

### A. Certificate of Non-Appearance for Plaintiff Jeff Robles

NOV claims $150.00 as costs incurred for the Certificate of Non-Appearance for Plaintiff Jeff Robles, who failed to appear for a noticed deposition. Plaintiffs object on the grounds that this cost is not specifically authorized under 28 U.S.C. § 1920.

Although the Fifth Circuit has not decided this issue, the Western District of Texas has repeatedly held that "a certificate of non-appearance is not a deposition transcript and is not authorized by § 1920." *E.A.F.F. v. United States*, 2014 WL 2155263, at *2 (W.D.

Tex. May 22, 2014) (citing *Shaw v. Hardberger*, 2010 WL 1424726, at *2 (W.D. Tex. Apr. 7, 2010) ("Section 1920 does not authorize costs for certificates of nonappearance."); *Canion v. United States*, 2005 WL 2216881, *3 (W.D. Tex. Sept. 9, 2005). However, the Federal Rules of Civil Procedure do allow courts to award expenses caused by a party's failure to attend its own deposition. *See* FED. R. CIV. P. 37(d)(1)(A)(i) (A court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."); FED. R. CIV. P. 37(d)(3) (providing that the court "must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses . . . caused by the failure" to appear).

Accordingly, pursuant to Rule 37, the Court hereby ORDERS Plaintiffs to pay to NOV costs incurred for the Certificate of Non-Appearance for Plaintiff Robles in the amount of **$150.00**.

### B. Deposition Costs

NOV claims $18,614.50 as costs incurred in connection with the depositions of 21 Plaintiffs and 8 representatives and/or employees from NOV. Plaintiffs object to NOV's request for deposition costs related to both video recordings and written transcripts on the grounds that this would amount to "double deposition" costs. Plaintiffs also object to costs associated with copies of the written deposition transcripts for Plaintiffs Michael Schwab and Mike Savoie.

### 1. Video Depositions

While a party may recover the cost for depositions in electronic format under 28 U.S.C. § 1920, some courts, in their discretion, decline to tax the cost of a video in

addition to a written transcript unless the video is actually used at trial. *E.g.*, *Structural Metals, Inc. v. S & C Electric Co.*, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013). By the same token, courts in this district have often awarded deposition costs for both a written transcript and video recording when considered appropriate trial preparation under the circumstances of the particular case. *See, e.g.*, *McCaig v. Wells Fargo Bank (Texas), N.A.*, 2014 WL 360546, at *5 (S.D. Tex. Feb. 3, 2014) (allowing costs for both video recordings and written transcripts of depositions of witnesses who were "key to the liability issues" in the case); *Petri v. Kestrel Oil & Gas Props*, 2013 WL 265973, at *4–5, *8 (S.D. Tex. Jan. 17, 2013) (awarding costs for both video recordings and written transcripts of depositions where "Defendants might reasonably need . . . [to play] parts of the video version at trial" and "[t]he videotape might reasonably be useful to address a witness' credibility or to impeach at trial"); *Faery v. Weigand-Omega Mgmt., Inc.*, 2012 WL 3886422, at *2 (S.D. Tex. Sept. 6, 2012) (awarding costs for both video recordings and written transcripts of depositions); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977–78 (S.D. Tex. 2011), *aff'd on other grounds*, 693 F.3d 491 (5th Cir. 2012), (awarding costs for both video recordings and written transcripts of depositions where: (1) defendants displayed portions of video depositions on several occasions during trial; and (2) video recordings of depositions were for witnesses whose live attendance at trial was uncertain or witnesses whose credibility was sharply disputed).

NOV explains that costs for both the video recordings and written deposition transcripts were necessarily and reasonably incurred for use in the case because, at the time NOV deposed Plaintiffs, it was unclear which Plaintiffs, if any, intended to testify at

trial and whether Plaintiffs would be available to attend the trial in person. NOV also played a significant amount of video footage during trial and used written transcripts extensively during pretrial motion practice and at trial. Accordingly, the Court overrules Plaintiffs' objection that allowing costs related to both video and written transcripts constitutes "double deposition" costs.

### 2. Duplicate Copies of Transcripts

The prevailing party may recover the costs of deposition transcripts where they were necessarily obtained for use in the case and not merely for the convenience of the attorneys. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party. *See, e.g.*, *WesternGeco L.L.C. v. ION Geophysical Corp.*, 2013 WL 3148671, at *24 (S.D. Tex. June 19, 2013); *Krohn v. David Powers Homes, Inc.*, 2009 WL 2605284, at *4 (S.D. Tex. Aug. 21, 2009). NOV explains that it only seeks to recover the cost of one deposition copy out of the 21 Plaintiffs it deposed. Moreover, the second transcript for Savoie is not a duplicate, as Plaintiffs actually deposed Savoie on two separate occasions. Accordingly, the Court overrules Plaintiffs' objection to costs associated with the written transcript for Plaintiff Savoie's second deposition and a copy of the written deposition transcript for Plaintiff Schwab.

The Court finds that deposition costs for both the video recordings and the written transcripts were necessarily and reasonably incurred for use in the case and not merely for the convenience of the parties and hereby ORDERS Plaintiffs to pay to NOV deposition costs in the amount of **$18,614.50**.

### C. Transcript Costs

NOV claims $2,891.91 as costs for daily trial transcripts and the transcript of the March 26, 2014 status hearing. Plaintiffs object to these costs, claiming the transcripts were for the convenience of counsel and not necessary for use in the case.

#### 1. Daily Trial Transcripts

"To award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). Generally, daily trial transcripts are not necessary because counsel can rely on their note-taking and memories, particularly where the trial is relatively short and the prevailing party is represented by a large team of attorneys and support staff. *See United States ex. rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010) (finding daily transcripts unnecessary where "Defendants had a large team of able attorneys and legal support staff that could take notes during the course of the trial on the testimony of witnesses and the rulings of the Court"); *Perry v. United States Dept. of Energy*, 2008 WL 161679, at *3 (N.D. Ill. Jan. 14, 2008) (finding transcripts unnecessary where trial was less than three days and "counsel for both sides could have relied on their notetaking and memories").

NOV attempts to justify the daily trial transcripts as necessary because it often used the testimony of one testifying Plaintiff to challenge the credibility of another and to show that Plaintiffs were not similarly situated. NOV also used the trial transcript of Plaintiffs' opening statement when discussing how to formulate the jury charge. The

Court is not persuaded by this argument. The trial consisted of three full days of testimony, and NOV had numerous attorneys present to take notes during the course of the trial. The Court thus finds that daily trial transcripts were not necessary, but constituted a convenience for the attorneys. As such, NOV is denied its costs for daily trial transcripts.

### 2. March 26, 2014 Status Hearing

NOV explains that during the March 26, 2014 status hearing, the Court made Plaintiffs state the names of the six testifying Plaintiffs on the record after NOV expressed its continued concern that Plaintiffs had failed to identify specifically the six testifying Plaintiffs. NOV then referred to the transcript at trial when Plaintiffs attempted to call a Plaintiff who was not one of the six identified at the status hearing and also referred to the transcript during the jury charge discussions when addressing how Plaintiffs had previously stated that they would prove their case.

Like the daily trial transcripts, the Court is not convinced that the status hearing transcript was necessary. The telephonic hearing lasted less than one hour, and NOV had three attorneys on the call to take notes regarding the names of the six testifying Plaintiffs and how Plaintiffs intended to prove their case. NOV is therefore denied its costs for the March 26, 2014 status hearing transcript.

## D. Technical Support at Trial

NOV claims $9,842.50 as costs for a professional trial technician, who provided video and audio support. Plaintiffs object on the grounds that these costs are not specifically authorized under 28 U.S.C. § 1920 and further argue that if such costs are

allowed, they are only appropriate if there is pretrial authorization by the trial court and the litigation is complex and lengthy.

The Eastern District of Louisiana has recognized that "[c]ourts have been inconsistent when addressing the issue of taxing costs for a video technician, video equipment[,] or a video presentation at trial." *Pioneer Natural Res. USA, Inc. v. Diamond Offshore Drilling, Inc.*, 2009 WL 4020563, at *4 (E.D. La. Nov. 17, 2009). Still, district courts in this circuit have frequently awarded costs for professional video and audio services in a variety of cases, without pretrial approval, recognizing that such support expedites the presentation of material to jurors. For example, in *Versata Software*, the court awarded the prevailing party $90,090.00 in costs for audio and visual professional services, reasoning as follows:

> The Court finds that the requested audio/visual technical support costs are appropriate in this situation. . . . This Court requires the parties to present their evidence at trial in a streamlined, orderly, and efficient manner. The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases.

*Versata Software Inc. v. SAP America, Inc.*, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011); *Smith and Nephew, Inc. v. Arthrex, Inc.*, 2010 WL 2432358, at *2 (E.D. Tex. Jun. 15, 2010), *reversed on other grounds*, 453 Fed. App'x 977 (Fed. Cir. 2011) (same). *See also Eolas Tech. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012) (awarding $32,000.00 in costs for a multimedia professional during trial, recognizing that "professional support for audio and video services during trial expedites the presentation of complex material to jurors"); *Finisar Corp. v. DirecTV Group, Inc.*, 2006 WL

2699732, at *2 (E.D. Tex. Aug. 4, 2006) (awarding $18,225.00 in audio/visual expenses for a trial technician as "necessary and reasonable" where "[f]rom the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case").

NOV maintains that a trial technician was necessary for the exemplification of exhibits, depositions, and other materials in a streamlined, orderly, and efficient manner, given the large number of Plaintiffs in this case. The Court agrees but finds that NOV is entitled to recover technical support costs incurred only during the trial itself, which amounts to 26.5 hours at $125.00 per hour. D.E. 288, Ex. D, p.9. Accordingly, the Court hereby ORDERS Plaintiffs to pay to NOV technical trial support costs in the amount of **$3,312.50.**

### E. Copying Costs

NOV claims $10,910.39 as costs for the printing and copying of documents, which includes $8,016.14 in printing and copying costs of trial exhibits and documents by a third-party vendor and $2,894.25 for in-house printing and copying. Plaintiffs object to NOV's copying costs, asserting that NOV failed to itemize or explain an April 9, 2014 third-party invoice for $6,973.74 and that NOV's in-house copying rate should be reduced to $0.08.

#### 1. Itemization of Third-Party Invoice

Section 1920 permits the taxation of costs for fees associated with "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(d). Fees for the unnecessary duplication of records, copies of original documents

possessed by the prevailing party, and/or copies made for the convenience, preparation, research, or for the records of counsel are not taxable. *See Peacock v. Carpedia Int'l, Ltd.*, 2012 WL 4829381, at *2 (S.D. Tex. Oct. 10, 2012). Costs for copies may also be denied where the court is unable to determine from the documents submitted the use or intended use of the copies. *Verdin v. Autozone Texas, L.P.*, 2007 WL 4260913, at *3 (S.D. Tex. Dec. 3, 2007). However, the fact that a party did not precisely itemize its photocopying costs does not necessarily preclude an award, provided that the prevailing party has "made the appropriate declaration under penalty of perjury that the costs were correct and 'necessarily incurred in this action.'" *United Teachers Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005).

The April 9, 2014 invoice from CornerStone Documents shows that the $6,973.74 in question was for 16,930 color copies, 15 binders, 705 custom tabs, and 2 16G thumb drives. D.E. 288-4, p.5. Based on the date on the invoice, this cost was incurred approximately two weeks before trial. *Id.* NOV explains that the trial was especially paper heavy based on the collective nature of this case, and the invoice at issue included reproducing thousands of timesheets that were to be submitted to the jury. NOV has also provided its counsel's sworn affidavit stating that the invoice was for reproducing materials for necessary use in the case. D.E. 288-2, p.1 ¶ 4. Accordingly, the Court overrules Plaintiffs' objection to the $6,973.74 in third-party copying costs.

**2. In-house copying rate**

NOV has submitted a cost of $2,894.25 for in-house printing and copying at a rate of $0.15 per copy. Plaintiffs object to this rate and claim that a rate of $0.08—the same

rate NOV paid for third-party, black-and-white copying costs—is appropriate.

Plaintiffs provide no support for their argument that NOV should be penalized for its in-house copying rate of $0.15, which previous courts have found to be reasonable. *See Sigur v. Emerson Process Mgmnt.*, 2008 WL 1908590, at *6 & n.8 (M.D. La. Feb. 21, 2008) ("The Court's review of the relevant jurisprudence indicates that rates which have been deemed reasonable range from $.10 to $.25 per page, with most courts adopting a $.10 to $.15 copying rate."); *Lovell v. Glen Oaks Hosp., Inc.*, 1991 WL 1029091, at *2 (N.D. Tex. Nov. 10, 1999) ("The Court further finds that $.15 per page is a reasonable amount for copy charges."). The Court further notes that NOV actually incurred costs of $11,714.15 for in-house printing and copying but reduced its request to $2,894.25. D.E. 288-2, p.1 ¶ 4. Accordingly, the Court overrules Plaintiffs' objection that NOV's in-house copying rate should be reduced.

The Court hereby ORDERS Plaintiffs to pay to NOV costs for the printing and copying of documents in the amount of **$10,910.39.**

### F. Interpreter

NOV claims $240.00 as costs for the interpreter used at the deposition of Plaintiff David Garcia. Plaintiffs do not object to this fee. Accordingly, the Court hereby ORDERS Plaintiffs to pay to NOV interpreter costs in the amount of **$240.00**.

### G. Public Records Requests

NOV claims $146.15 as costs for public records requests. Plaintiffs do not object to this fee. Accordingly, the Court hereby ORDERS Plaintiffs to pay to NOV public records request costs in the amount of **$146.15**.

## III. CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART NOV's Bill of Costs (D.E. 288) and ORDERS Plaintiffs to pay to NOV the following amounts within 30 days of the date of this Order:

| | |
|---|---:|
| Certificate of Non-Appearance | $150.00 |
| Depositions | $18,614.50 |
| Technical Support | $3,312.50 |
| Copies | $10,910.39 |
| Interpreter | $240.00 |
| Public Records | $146.15 |
| Total: | $33,373.54 |

ORDERED this 10th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE